UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KOFI N. PREMOH,
    Plaintiff,

vs.

CITY OF CINCINNATI, et al.,
    Defendants.

Case No. 1:15-cv-265

Beckwith, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff Kofi N. Premoh's motion for a temporary restraining order. (Doc. 2).

**I. Background**

Plaintiff, proceeding pro se, filed the verified complaint in this action on April 22, 2015. (Doc. 1). Plaintiff named as defendants the City of Cincinnati ("City") and Albert M. Hartung, Charlie Crawford, and Richard Schriewer, employees of the City's Division of Buildings and Inspections. Plaintiff brings a claim under 42 U.S.C. § 1983 for violation of his due process rights and several state law claims.

Plaintiff makes the following allegations in the complaint: Plaintiff is the owner of a building located at 2832 Highland Avenue, Cincinnati, Ohio. (Doc. 1, ¶ 5). The City's Division of Buildings and Inspections issued plaintiff a building permit on December 1, 2011, for renovation of the building. (*Id.*, ¶ 10). Plaintiff started work on the building in the spring of 2012. (*Id.*, ¶ 14). In October of 2012, the City's Building Department issued orders to plaintiff to make a number of exterior repairs to the building. (*Id.*, ¶ 15). In August of 2014, plaintiff received a notice of civil offense and civil fine from City Housing Inspector Ted Langston regarding the October 2012 orders. (*Id.*, ¶ 20). Plaintiff filed a written answer to the fine and attached a copy of the building permit. (*Id.*, ¶¶ 21, 22). On or about August 20, 2014, Mr.

Langston informed plaintiff by telephone that the building permit had been cancelled. (*Id.*, ¶ 22). After requesting a copy of the report concerning the cancellation from the permit division that same day, plaintiff learned that the permit had been cancelled on March 12, 2014. (*Id.*, ¶ 23). Plaintiff did not receive notice of the cancellation through one of the three methods authorized by the permit application: mail, phone, or posting of a notice on the subject building. (*Id.*, ¶ 25). Withholding of notification of the cancellation for more than five months effectively denied plaintiff his right to pursue an appeal of the permit cancellation. (*Id.*, ¶¶ 29, 30). Plaintiff's application for another permit was denied with recommendations to revise and resubmit the plans. (*Id.*, ¶ 32). While plaintiff was in the process of reformulating the plans for the building, the building was condemned and he was ordered to complete all necessary repairs as ordered in October 2012 or demolish the building within 30 days.[1] (*Id.*, ¶ 35).

Plaintiff filed the motion for a temporary restraining order on April 22, 2015, the same date he filed the complaint. (Doc. 2). Plaintiff alleges that the City has threatened in writing to demolish his building. Plaintiff seeks a temporary restraining order requiring the City to reinstate the cancelled building permit; reverse all subsequent actions taken by the City in reliance on the cancellation of the permit, including issuance of the orders of civil offense, civil fine, and condemnation of his building; and enjoin the City from demolishing his building "within 30 days" if plaintiff fails to restore the building to a certain prescribed condition.

**II. A temporary restraining order should not be issued.**

Plaintiff's motion for temporary restraining order should be denied because plaintiff has failed to comply with both Fed. R. Civ. P. 65(b)(1) and S.D. Ohio Civ. R. 65.1(b). Rule 65(b)(1) states:

---

[1] It is not clear from the complaint what date the order to complete the repairs or demolish the building was issued.

> (b) Temporary Restraining Order.
> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Thus, the Court may issue a temporary restraining order under Rule 65 without written or oral notice to the adverse party or its attorney only if the movant (1) clearly establishes through an affidavit or a verified complaint specific facts showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and (2) provides written certification of any efforts to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(A),(B).

The Local Rules of this Court include similar notice provisions for issuance of a temporary restraining order:

> Motions [for temporary restraining orders] shall be accompanied by a certificate of the trial attorney or other proof satisfactory to the Court that: (1) the motion and all other filings in the action have been served upon the adverse party's attorney, if known, or if not known, then the adverse party; (2) reasonable efforts to accomplish the service of the motion and other filings have been made; or (3) the reasons, in affidavit form, why such service cannot or need not be made or be required.

S.D. Ohio Civ. R. 65.1(b).

Here, plaintiff has not certified or shown proof that the motion for temporary restraining order has been served on defendants. In fact, there is no indication that defendants have received notice of the complaint as summons has not been returned to date. Accordingly, a temporary restraining order cannot be issued unless the requirements of Rule 65(b)(1)(A) and (B) and Local Rule 65.1(b)(2) or (3) are satisfied. Plaintiff has failed to submit the certifications required under the Rules. Plaintiff filed a verified complaint, but the complaint does not establish that plaintiff

3

will suffer immediate and irreparable harm before defendants can be heard in opposition to the motion for temporary restraining order. *See* Fed. R. Civ. P. 65(b)(1)(A). Even assuming the complaint satisfies this provision of Rule 65(b)(1), plaintiff has not satisfied the additional requirements of Rule 65(b)(1)(B) and Local Rule 65.1(b). Plaintiff has neither certified in writing his efforts to give notice to defendants nor the reasons why notice should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B); S.D. Ohio Civ. R. 65.1(b)(2),(3). Thus, because the notice requirements for issuance of a temporary restraining order are not satisfied, plaintiff's motion for temporary restraining order should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for temporary restraining order (Doc. 2) be **DENIED**.

Date: 5/4/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KOFI N. PREMOH,                      Case No. 1:15-cv-265
     Plaintiff,

                                                 Beckwith, J.
    vs.                                         Litkovitz, M.J.

CITY OF CINCINNATI, et al.,
     Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).