IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Kofi N. Premoh, | ) |
| Plaintiff, | ) Case No. 1:15-CV-265 |
| vs. | ) |
| City of Cincinnati, et al., | ) |
| Defendant. | ) |

O R D E R

This matter is before the Court on Plaintiff Kofi N. Premoh's verified petition for a temporary injunction (Doc. No. 2), Magistrate Judge Report and Recommendation recommending that Plaintiff's motion be denied (Doc. No. 5), and Plaintiff's objections to the Report and Recommendation. Doc. No. 7. For the reasons that follow, the Court **SUSTAINS** Plaintiff's objections to the Report and Recommendation. The Court does not adopt the Report and Recommendation. The Clerk of Court, however, is **ORDERED** to re-docket Plaintiff's "Verified Petition for a Temporary Injunction" as a "Verified Motion for a Preliminary Injunction."

Proceeding pro se, Plaintiff Kofi N. Premoh filed a complaint asserting claims, inter alia, for due process violations under 42 U.S.C. § 1983 against the City of Cincinnati and various city officials concerning the revocation of a building permit and an order to complete certain repairs or destroy his building within 30 days. Plaintiff also filed a pleading captioned "Verified Petition for a Temporary Injunction" (Doc. No. 2) in which he moved the

1

Court to order the restoration of his building permit and enjoin the order to destroy his building.

Magistrate Judge Litkovitz construed Plaintiff's petition for a temporary injunction as a motion seeking a temporary restraining order under Rule 65(b)(1) of the Federal Rules of Civil Procedure. In her Report and Recommendation, Judge Litkovitz recommended denying Plaintiff's motion for failure to satisfy certain prerequisites in the both Rule 65 and the local rules of civil procedure for obtaining a temporary restraining order. Most notably, Judge Litkovitz found that Plaintiff failed to certify his efforts to give Defendants notice of his motion or why notice should not be required and how he would suffer irreparable harm before Defendants could be heard in opposition to his motion.

In his objections to the Report and Recommendation, Plaintiff clarifies that he is not seeking a temporary restraining order under Rule 65(b)(1). He states rather, that he is seeking a preliminary injunction under Rule 65(a)(1). See Doc. No. 7, at 1. Plaintiff also notes that under Rule 4(m), he has 120 days to serve the complaint on the Defendants.

With Plaintiff's clarification that he is not moving the Court for a temporary restraining order, the Court sustains his objections to the Report and Recommendation. The Court, therefore, does not adopt the Report and Recommendation. The Clerk of Court is ordered to re-docket Plaintiff's "Verified Petition for a Temporary Injunction" as a "Verified Motion for a Preliminary Injunction."

Finally, the Court notes that a preliminary injunction cannot issue until notice is given to the Defendants and a hearing is held in which Defendants are given an opportunity to oppose the motion. County Sec. Agency v. Ohio Dep't of Commerce, 296 F.3d 477, 483-84 (6th Cir. 2002). Accordingly, no further action will be taken on Plaintiff's motion at least

until Defendants are given notice of the complaint and the motion for a preliminary injunction.

**IT IS SO ORDERED**

Date June 8, 2015              s/Sandra S. Beckwith
                                               Sandra S. Beckwith
                                    Senior United States District Judge