UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KOFI N. PREMOH,<br>Plaintiff,<br><br>vs.<br><br>CITY OF CINCINNATI, et al.,<br>Defendants. | Case No. 1:15-cv-265<br><br>Beckwith, J.<br>Litkovitz, M.J.<br><br>REPORT AND<br>RECOMMENDATION |

This matter is before the Court on plaintiff Kofi N. Premoh's motion for a preliminary injunction (Doc. 2) and defendants' response in opposition to the motion (Doc. 20).

## I. Background

Plaintiff, proceeding pro se, filed the verified complaint in this action on April 22, 2015. (Doc. 1). Plaintiff named as defendants the City of Cincinnati ("City") and Albert M. Hartung (deceased), Charlie Crawford, and Richard Schriewer, employees of the City's Division of Buildings and Inspections.[1] Plaintiff brings a claim under 42 U.S.C. § 1983 for violation of his due process rights and several state law claims.

Plaintiff makes the following allegations in the complaint: Plaintiff is the owner of a building located at 2832 Highland Avenue, Cincinnati, Ohio. (Doc. 1, ¶ 5). The City's Division of Buildings and Inspections issued plaintiff a building permit on December 1, 2011, for renovation of the building. (*Id.*, ¶ 10). Plaintiff started work on the building in the spring of 2012. (*Id.*, ¶ 14). In October of 2012, the City's Building Department issued orders to plaintiff to make a number of exterior repairs to the building. (*Id.*, ¶ 15). In August of 2014, plaintiff received a notice of civil offense and civil fine from City Housing Inspector Ted Langston regarding the October 2012 orders. (*Id.*, ¶ 20). Plaintiff filed a written answer to the fine and

---

[1] Defendants Crawford, Schriewer and the City subsequently filed a Suggestion of Death on October 15, 2015, giving notice that defendant Hartung died on October 14, 2015. (Doc. 23).

attached a copy of the building permit. (*Id.*, ¶¶ 21, 22). On or about August 20, 2014, Mr. Langston informed plaintiff by telephone that the building permit had been cancelled. (*Id.*, ¶ 22). After requesting a copy of the report concerning the cancellation from the permit division that same day, plaintiff learned that the permit had been cancelled on March 12, 2014. (*Id.*, ¶ 23). Plaintiff did not receive notice of the cancellation through one of the three methods authorized by the permit application: mail, phone, or posting of a notice on the subject building. (*Id.*, ¶ 25). Withholding of notification of the cancellation for more than five months effectively denied plaintiff his right to pursue an appeal of the permit cancellation. (*Id.*, ¶¶ 29, 30). Plaintiff's application for another permit was denied with recommendations to revise and resubmit the plans. (*Id.*, ¶ 32). While plaintiff was in the process of reformulating the plans for the building, the building was condemned and he was ordered to complete all necessary repairs as ordered in October 2012 or demolish the building within 30 days. (*Id.*, ¶ 35).

The condemnation order, which was issued on January 22, 2015, notified plaintiff of his right to appeal and the procedures for filing an appeal. (Doc. 16, Exh. I). Plaintiff filed an appeal to the Board of Housing Appeals on April 23, 2015. (*Id.*, Exh. L). The appeal remains pending. (Doc. 20 at 2).

## II. Plaintiff's motion for a preliminary injunction

Plaintiff filed the motion for a preliminary injunction on April 22, 2015, the same date he filed the complaint.[2] (Doc. 2). Plaintiff alleges that the City has threatened in writing to demolish his building. Plaintiff seeks an injunction requiring the City to reinstate the cancelled building permit; reverse all subsequent actions it has taken in reliance on the cancellation of the

---

[2] Plaintiff captioned the motion as a "Verified Petition for Temporary Injunction." (Doc. 2). On June 8, 2015, the Court ordered that the Clerk of Court re-docket the motion as a "Verified Motion for Preliminary Injunction" and also ordered that no further action be taken on the motion until defendants were given notice of the complaint and the motion for a preliminary injunction. (Doc. 8). The complaint and motion for preliminary injunction were subsequently served on defendants.

permit, including issuance of the orders of civil offense, civil fine, and condemnation of his building; and refrain from demolishing his building "within 30 days" as threatened if plaintiff fails to restore the building to a certain prescribed condition.

Defendants oppose plaintiff's motion for a preliminary injunction. (Doc. 20). They argue that the factors to be balanced in determining whether preliminary injunctive relief is warranted weigh against granting the relief plaintiff requests. Defendants allege that (1) plaintiff is unlikely to succeed on the merits of his claims for reasons fully set forth in defendants' motion to dismiss the complaint (Doc. 16); (2) plaintiff will not suffer any injury if his request for preliminary injunctive relief is denied; (3) the public health and safety will be served by denying the requested relief because plaintiff's building has purportedly been out of compliance with applicable municipal building codes for many years; and (4) the actions defendants have taken with respect to plaintiff's property have been justified and reasonable and should not be overturned by the Court.

### III. Preliminary injunction standard

Fed. R. Civ. P. 65 permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736. "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

A preliminary injunction is an extraordinary remedy that should be granted only if the movant carries his burden of proving that the circumstances "clearly demand it." *Overstreet*, 305 F.3d at 573. In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).

## IV. The motion for a preliminary injunction should be denied.

Plaintiff has not established that the circumstances of this case clearly warrant the grant of preliminary injunctive relief. There is support in the case law for finding that plaintiff had a constitutionally protected property interest in the 2011 building permit following its issuance. *See Chandler v. Vill. of Chagrin Falls*, 296 F. App'x 463, 469-70 (6th Cir. 2008). However, plaintiff has not cited any authority or developed any facts in his motion to show that he was not afforded adequate process in connection with the deprivation of an interest in the building permit.[3] Nor has plaintiff shown that he is likely to succeed on the merits of his claim that he was deprived of his due process rights in connection with the City's condemnation of his

---

[3] To satisfy his burden to show that he was denied adequate process, plaintiff must establish that he was not given notice that was "reasonably calculated, under all of the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections," and he was not afforded "a reasonable time" to make his appearance. *See Shoemaker v. City of Howell*, 795 F.3d 553, 560 (6th Cir. 2015) (citing *Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314 (1950)).

4

property. The condemnation notice issued to plaintiff on January 22, 2015, informed him of his right to appeal the condemnation order and the procedure for filing an appeal. (Doc. 16, Exh. I). Plaintiff filed an appeal to the Board of Housing Appeals on April 23, 2015. (*Id.*, Exh. L). According to defendants, the appeal remains pending. (*See* Doc. 20 at 2). Thus, it appears plaintiff has been given notice and an opportunity to be heard on the condemnation order and that he may continue to pursue his appeal rights. Thus, plaintiff has not shown a strong likelihood of success on the merits of his due process claim raised in this lawsuit.[4] The first factor weighs against issuing a preliminary injunction.

Plaintiff also has not demonstrated that he will suffer irreparable harm without the requested injunction. "To demonstrate irreparable harm, [plaintiff] must show that . . . [he] will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). The possibility that adequate compensatory or other corrective relief will be available at later date, in the ordinary course of litigation, weights [sic] heavily against a claim of irreparable harm. *Moody v. Bell*, No. 1:08cv796, 2009 WL 3011505, at *3 (S.D. Ohio June 26, 2009) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). A failure to demonstrate the existence of irreparable injury can therefore "be fatal to a motion for preliminary injunction." *Id.* (citing *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 (6th Cir. 1991)).

Plaintiff alleges that he has suffered irreparable harm because the City relied on the wrongful cancellation of his building permit to issue orders of "civil offense" and civil fines, as well as the condemnation order. (Doc. 2, ¶ 24). Plaintiff further alleges that the City has relied on the wrongful cancellation of the permit to threaten to demolish the building if plaintiff fails to meet certain requirements. (*Id.*, ¶ 25). In response, defendants allege that plaintiff will suffer no

---

[4] Plaintiff has not addressed his state law claims in the motion for preliminary injunctive relief.

5

harm if the Court does not grant a preliminary injunction because plaintiff can file an application for a new building permit. (Doc. 20 at 2). Defendants also assert that his property cannot be demolished until administrative proceedings required under Cincinnati Municipal Code § 1101.57, including notice and a public hearing, have concluded. (*Id.*).

Plaintiff has failed to demonstrate that he will suffer irreparable harm in the absence of a preliminary injunction. Insofar as plaintiff alleges that he has been charged with civil offenses, incurred civil fines, and suffered damages as a result of the cancellation of the December 2011 building permit, plaintiff can recover damages in the "ordinary course of litigation." *Moody*, 2009 WL 3011505, at *3. Further, because an appeal of the condemnation order is apparently pending and defendants have represented that no action will be taken in connection with the condemnation order until the appeal proceedings are completed, plaintiff will not suffer irreparable harm in this regard if a preliminary injunction is not issued. For these reasons, the second factor weighs against the issuance of a preliminary injunction.

The Court likewise finds that the two remaining factors relevant to the preliminary injunction analysis - whether the issuance of the injunction would cause substantial harm to others and whether the public interest would be served by issuing the injunction - do not weigh in favor of preliminary injunctive relief. The substantial harm factor refers to a balance of equities and a consideration of the burden on defendants. *See Overstreet*, 305 F.3d at 579. There has been no showing that issuance of a preliminary injunction would cause substantial harm to others, but neither has plaintiff shown that the Court's interference in the City's enforcement of its building code is warranted. Plaintiff alleges that the public interest would be served by issuance of a preliminary injunction because such relief would enable him to complete the renovation of the building, thereby improving his property's appearance and helping to

6

increase property values in the surrounding community. (Doc. 2, ¶ 20). While the public interest is served by improvements to property and increased property values, the public also has an interest in the remediation of safety and nuisance issues through the enforcement of municipal building codes. In light of the public's interest in a municipality's administration and enforcement of its building codes, policy considerations that counsel against the federal courts' unnecessary entanglement in such matters of local concern, and the availability of a remedy in the form of an administrative appeal of the condemnation order, the equities tip in favor of denying plaintiff's request for preliminary injunctive relief.

As a final matter, a preliminary injunction is not warranted here because the purpose of a preliminary injunction is to preserve the status quo until a trial on the merits can be held. *S. Milk Sales, Inc.*, 924 F.2d at 102 (citing *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). Among the relief plaintiff requests is that the Court affirmatively correct several alleged harms the City has inflicted and "undo" actions the City has already taken. (Doc. 2, ¶¶ 11, 12, 28, 29). Such a request does not preserve the status quo and does not serve the purpose of a preliminary injunction. Accordingly, to the extent plaintiff asks the Court to reverse acts that defendants have already taken, the purpose of a preliminary injunction would not be served.

Plaintiff has not alleged sufficient facts or cited authority to warrant the grant of a preliminary injunction. Plaintiff has not shown that there is a strong likelihood of success on the merits; that irreparable harm would result in the absence of the requested relief; or that the public interest would be served through the issuance of an injunction. The circumstances alleged do not clearly demand that this Court interject itself in the City's enforcement of its municipal building code by issuing a preliminary injunction that goes well beyond preserving the status quo. Accordingly, the motion for a preliminary injunction should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for a preliminary injunction (Doc. 2) be **DENIED**.

Date: 2/4/2016

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KOFI N. PREMOH,
    Plaintiff,

vs.

CITY OF CINCINNATI, et al.,
    Defendants.

Case No. 1:15-cv-265

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).